IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-44-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BASHIR AMIR PERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Wake County Sheriff's Office assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his cousin. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 19 February 2013 with possession of a firearm by a convicted felon on 21 July 2012 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from a traffic stop of

defendant on the alleged offense date. He had a loaded 9 millimeter pistol in his waistband. There was also a license plate on the car he was driving that was not issued for that vehicle, and he was driving without a license. He had previously been convicted of two felonies. In a post-arrest statement, he admitted to buying the gun, which had been stolen in Virginia, for protection after having been robbed in Durham. The traffic stop occurred in north Raleigh.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the gun; defendant's significant criminal record for a person of his age (23), including 2 felony convictions, 6 misdemeanor convictions, failure to complete probation successfully each of the 3 times he was placed on it (there were 2 probation revocations and 1 unsuccessful termination), commission of 4 offenses while on probation, and 7 failures to appear (although defendant claims he was incarcerated at the time of each one); the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the presence of 2 minors in the proposed custodial home and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant cited the fact that he has lymphoma as mitigating his risk of danger and flight, he had the disease at the time of the stop and it did not prevent him from possessing a loaded gun. Moreover, defendant's undoubted desire not to be in prison while he is sick enhances his incentive to flee. While defendant points

out that he has not fled since being on state pretrial release since July 2012, he is now aware of the federal penalties he faces and the likelihood of imposition of an active sentence if he is convicted. In any event, his history of continual criminal conduct over the last six and a half years offsets his purported compliance with legal requirements over the last approximately seven months.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 1st day of March 2013.

James E. Gates
United States Magistrate Judge